UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUIRINO FIGUEROA and ARACELI P. FIGUEROA,<br><br>    Plaintiffs,<br><br>v.<br><br>CITIBANK, N.A. as Trustee for the Holders of BSABS 2007-SD3,<br><br>    Defendant. | Civil No. 08cv2214 L(AJB)<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING AS MOOT MOTION FOR MORE DEFINITE STATEMENT and GRANTING LEAVE TO AMEND**<br><br>[doc. #5] |

Plaintiffs, who are represented by counsel, filed this action in the Superior Court of California, County of San Diego on October 10, 2008. Defendant Citibank, N.A. as Trustee for the Holders of BSABS 2007-SD3 ("Citibank") timely removed this action. Plaintiffs have asserted claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601; the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639; Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.;* the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2614 and RICO.

Defendant moves to dismiss the case under Federal Rule of Civil Procedure 12(b)(6) or alternatively for a more definite statement [doc. #5]. The Court notes that under the Civil Local Rules, plaintiffs' response to defendant's motion was due on or before February 23, 2009. *See* Cɪᴠ. L.R. 7.1(e)(2). To date, plaintiffs neither filed a response nor sought additional time in

which to file a response in opposition to defendant's motion.

When an opposing party does not file papers in the manner required by Civil Local Rule 7.1(e.2), the Court may deem the failure to "constitute a consent to the granting of a motion or other request for ruling by the court." CIV. L.R. 7.1(f.3.c). Notwithstanding plaintiffs' failure to file an opposition, the Court will review the motion on the merits to determine whether any legal issue exists that would preclude granting defendant's motion to dismiss.

### 1. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may not be dismissed for failure to state a claim under Rule 12(b)(6), "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and further, must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). But a complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the "right to relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

### 2. Motion to Dismiss

#### A. Possession of the Original Note

Plaintiffs defaulted on a home mortgage loan. Citibank purchased the property that secured the loan at a foreclosure sale conducted on September 3, 2008. But plaintiffs contend that Citibank had no right to initiate foreclosure proceedings because it did not have "in its possession the original note properly endorsed to it or assigned to it as of a date preceding the notice of default recorded by the Trustee." (Compl. at 2.) California law does not require that the original note be in the possession of the party initiating non-judicial foreclosure. *See* Cal. Civ. Code § 2924. Plaintiffs' allegation about the necessity of possessing the original note is without merit and must be dismissed with prejudice.

### B. Unfair Debt Collection Practices

As defendant correctly notes, plaintiffs fail to state a claim against Citibank because as a trustee pursuant to a deed of trust, it is not a debt collector under the FDCPA. The "activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp.2d 1188, 1204 (D. Or. 2002); *see also Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp.2d 176, 190 (S.D. Tex. 2007) ("Mortgage companies collecting debts are not 'debt collectors').

Similarly, plaintiffs fail to state a claim under California's fair debt collection act which prohibits collecting consumer debts by *inter alia*, threats, physical force, obscene language, annoying telephone calls, false representations, simulating or threatening legal action. CAL. CIV. CODE §§ 1788.10, 1788.11, 1788.13, 1788.16. The complaint is devoid of allegations of conduct falling within the Act; therefore, plaintiff has failed to state a claim under Rule 12(b)(6).

RESPA concerns charges and disclosures occurring at or before the closing of a real estate sale or loan. The allegations in the complaint, however, deal with the foreclosure of the property. Additionally, RESPA defines a mortgage servicer as "the person responsible for servicing the loan." 12 U.S.C. § 2605(i)(2). RESPA further defines "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." Id. § 2605(i)(3). Under the statutory language, defendant is not a servicer of the mortgage loan and this claim must be dismissed.

### C. Predatory Lending Practices

Plaintiffs assert that Wells Fargo Bank, N.A., the originator of the loan, engaged in predatory lending practices; therefore, Citibank is subject to defenses that would have been available against Wells Fargo. Plaintiffs contend that the alleged predatory lending practices violated HOEPA and TILA, Regulation Z. Plaintiffs state that "the specifics of those [violations] . . . are unknown, but . . . are subject to discovery . . . ." (Compl. at 5.)

In the absence of any allegations showing that their claim is "above the speculative

level," plaintiffs' second cause of action is dismissed for failure to state a claim under Rule 12(b)(6). *Bell Atlantic*, 127 S. Ct. at 1965.

### D. RICO

"To state a claim under § 1962(c), a plaintiff must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007), quoting *Sedima , S.P.R.L. v. Imprex Co.*, 473 U.S. 479, 496 (1985). Plaintiffs do not come close to sufficiently alleging all of the elements. Racketeering activity is defined in 18 U.S.C. § 1961(1) as any in the long list of crimes. Plaintiffs rely on wire and mail fraud. (Compl. at 10, 11.)

The elements of wire fraud are: "(1) the formation of a scheme or artifice to defraud; (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud." *Id*. at 554 (internal quotation marks and citations omitted). Rule 9(b)'s requirement of particularity applies to the factual circumstances of the fraud. *Id.* This requires allegations regarding the time, place and specific content of the allegedly false representations as well as the identities of the parties to the misrepresentation. *Id*. at 553 (internal quotation marks and citations omitted). Plaintiffs' allegations lack the requisite specificity regarding times, places and the parties to the misrepresentations. (*See* Compl. at 10-11.) Further, plaintiffs' allegations lack the specificity required to show participation in the conduct of the enterprise's affairs through a pattern of racketeering.

### 3. Alternative Motion for a More Definite Statement

Defendant alternatively moves for a more definite statement. Rule 8 sets forth general rules of notice pleading in the Federal Courts. *See Swierkiewicz v. Sorema*, 534 U.S. 506 (2002). Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). When a plaintiff's allegations are too vague and broad-sweeping to put defendants fairly on notice of the claims against them, the notice requirement of Rule 8 is not satisfied. See *Conley*,

355 U.S. at 47.

Having reviewed the complaint, the Court notes that plaintiffs have not made an allegation of wrongdoing on defendant's part under the statutes cited. As a result, defendant is not on notice of plaintiffs' claims against it and cannot answer the complaint. Dismissal of the complaint under Rule 8 is appropriately granted. Nevertheless, defendant's alternative motion for a more definite statement is moot.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss the complaint is **GRANTED** and its motion for a more definite statement is **DENIED AS MOOT.** Plaintiffs are granted leave to file an amended complaint within 10 days of the filing of this Order.

**IT IS SO ORDERED.**

DATED: April 15, 2009

_____
United States District Court Judge

COPY TO:

HON. ANTHONY J. BATTAGLIA
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL